Argued and submitted February 8, reversed and remanded with instructions
September 24, 2008

Helen SOLLARS,
aka Helen Kelly,
*Plaintiff-Appellant,*
*and*

ESTATE OF HELENE VALOFF,
*Plaintiff-Respondent,*

*v.*

CITY OF MILWAUKIE,
*Defendant-Respondent.*

Clackamas County Circuit Court
CV06020213; A132996

193 P3d 75

Lori E. Deveny argued the cause and filed the briefs for appellant.

Paul Loney argued the cause and filed the brief for respondent Estate of Helene Valoff.

No appearance for respondent City of Milwaukie.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

ORTEGA, J.

## ORTEGA, J.

■        Plaintiff purchased a home from the Estate of Helene Valoff (the estate). Plaintiff appeals from a judgment directing the City of Milwaukie to release to the estate certain money that was found in the home about one and one-half years after plaintiff purchased it. The relevant facts are undisputed, and we review for errors of law the trial court's legal conclusions construing the real estate sale agreement between plaintiff and the estate, *Batzer Construction, Inc. v. Boyer*, 204 Or App 309, 319, 129 P3d 773, *rev den*, 341 Or 366 (2006). We reverse.

William and Helene Valoff owned a house in Milwaukie, Oregon. After William Valoff died unexpectedly, all assets of his estate were transferred to Helene Valoff, and she owned the house until her death.

The estate sold the house to plaintiff. Section 8 of the real estate sale agreement between plaintiff and the estate provides, "**PERSONAL PROPERTY**: The following personal property, in **'AS-IS'** condition and at no stated value is included: stove, refrigerator, garden shed, window coverings." (Boldface in original.) Section 17 provides, "**POSSESSION**: [The estate] shall remove all personal property (including trash and debris) that is not a part of this transaction and deliver possession of the Property to [plaintiff] * * * by 5:00 p.m. on the closing date[.]" (Boldface in original.)

About a year and a half after the closing of the sale, an electrician who was performing repairs found bundles of money hidden above the ceiling of the basement of the house. The bundles were bound with rubber bands and adding machine tapes bearing William Valoff's handwriting.

Because of the uncertainty about who owned the money, police seized and counted it and found that it totaled about $122,000. Plaintiff filed, pursuant to ORS 133.633(1), a motion for the return of things seized,[1] asserting that she was

---

[1] ORS 133.633(1) provides:

"Within 90 days after actual notice of any seizure, or at such later date as the court in its discretion may allow:

"(a) An individual from whose person, property or premises things have been seized may move the appropriate court to return things seized to the person or premises from which they were seized.

the rightful owner of the money found in her house. The estate filed its own motion for the return of things seized, asserting that it did not intend to transfer any right to the money when it sold the house to plaintiff and that it remained the rightful owner of the money.

After a hearing, during which the estate offered evidence that it was unaware of the money in the house and, over plaintiff's objection, that it did not intend to transfer the money to plaintiff, the trial court concluded that the estate was entitled to the funds. The court reasoned, *inter alia*, that the sale agreement "was for the transfer of real property and the transfer of the funds was never any part of the bargain. Neither party was aware of the money, so there was no intent for a transfer."

Plaintiff appeals and renews her contention that, under the terms of the sale agreement, she is the owner of personal property that was not removed from the house before closing. In her view, the agreement is unambiguous, and the estate cannot vary the terms of the agreement through parol evidence that it did not know about or intend to transfer the money. The estate, for its part, contends that "parol evidence was appropriately admitted, because the language of the [agreement] was ambiguous or unclear as to whether or not the funds were intended to be included in the transfer." At oral argument, the estate took the position that, under the sale agreement, any personal property that was obvious or known to the estate and was left in the house after closing became plaintiff's, but any personal property of which the estate was not aware could still belong to the estate. According to the estate, the provision of the agreement requiring the removal of "all personal property (including trash and debris) that is not a part of this transaction" transfers ownership of only that personal property the existence of which was known to the parties at the time of the sale or, alternatively, the statement begs the question of what personal property was part of the sale.[2]

---

"(b) Any other person asserting a claim to rightful possession of the things seized may move the appropriate court to restore the things seized to the movant."

[2] Alternatively, the estate contends that the real issue is a question of misplaced property, not a contract dispute. In light of the sale agreement between the

■    Thus, the parties agree that the provision concerning the removal of personal property has the effect of transferring ownership of at least some personal property left in the house. Their disagreement focuses on whether that provision encompasses personal property of which the parties were unaware. We conclude that "all personal property (including trash and debris)" unambiguously includes the money found in the house. Plaintiff, therefore, is the owner of that money.

■    Oregon follows the objective theory of contracts; that is, the existence of a contract does not depend on the parties' uncommunicated subjective understanding but on their objective manifestations of intent to agree to the same express terms. *Dalton v. Robert Jahn Corp.*, 209 Or App 120, 132, 146 P3d 399 (2006), *rev den*, 342 Or 416 (2007). To construe a contractual provision, we first examine the text of the disputed provision in the context of the contract as a whole; if the provision is unambiguous, we construe it as a matter of law, and our analysis ends. *Yogman v. Parrott*, 325 Or 358, 361, 937 P2d 1019 (1997). A provision is ambiguous when it can reasonably be assigned more than one meaning. *Id.* at 363-64. Parol evidence regarding the circumstances underlying the formation of a contract may be considered to determine whether a contract provision is ambiguous.[3] *Batzer Construction, Inc.*, 204 Or App at 317. The courts may not add qualifications to contracts that the parties did not

---

parties, we disagree. We understand that the original owner of the money apparently was William Valoff and that his interest passed to Helene Valoff, whose interest later passed to the estate. To decide whether the estate's interest then passed to plaintiff, we must construe the sale agreement. If the estate transferred its ownership of the money to plaintiff under the sale agreement, then she is the owner of the money.

[3] The parol evidence rule is codified in ORS 41.740:

"When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be, between the parties and their representatives or successors in interest, no evidence of the terms of the agreement, other than the contents of the writing, except where a mistake or imperfection of the writing is put in issue by the pleadings or where the validity of the agreement is the fact in dispute. However this section does not exclude other evidence of the circumstances under which the agreement was made, or to which it relates, as defined in ORS 42.220, or to explain an ambiguity, intrinsic or extrinsic, or to establish illegality or fraud. The term 'agreement' includes deeds and wills as well as contracts between parties."

include. ORS 42.230; *McKay's Market of Coos Bay v. Pickett*, 212 Or App 7, 13, 157 P3d 291 (2007).

We agree with plaintiff that the provision in the sale agreement regarding removal of "all personal property" unambiguously includes the money at issue here. We begin with the estate's contention that the sale agreement begs the question of which personal property was included in the sale, because the sale agreement states that "[the estate] shall remove all personal property (including trash and debris) *that is not a part of this transaction*." (Emphasis added.) The emphasized reference, however, does not create an ambiguity when viewed in the context of section 8, which specifically required the estate to leave certain items of personal property for plaintiff. In context, the sale agreement required the estate to leave specified personal property (a stove, a refrigerator, a garden shed, and window coverings) and to remove all other personal property before closing. By its terms, nothing in the requirement that the estate remove "all personal property" provides any exception based on the parties' knowledge of such property.

The estate contends that the sale agreement does not reflect the actual intention of the parties because the parties were not aware that the money was inside the house when the house was sold. However, the estate's argument does not suggest any ambiguity in the meaning of the sale agreement. In *Hunnell v. Roseburg Resources Co.*, 183 Or App 228, 234, 51 P3d 680, *rev den*, 335 Or 114 (2002), the defendant argued that a reference to the successors of the original owner of an easement was inadvertently omitted from the easement's terms. As we explained, however, the actual words of the easement were unambiguous. As the defendant framed the issue, "the ambiguity would attach not to the meaning of the instrument but to whether that meaning reflected the intention of the parties." *Id*. Such a mistake could be addressed through a claim for reformation (which would have required the estate to prove an antecedent agreement, among other things, by clear and convincing evidence), but not through the interpretation of an unambiguous contract to include the allegedly omitted term. *Id*.; *see also Lesher v. Strid*, 165 Or App 34, 41-42, 996 P2d 988 (2000)

(addressing standards for rescission of a contract on the ground of mutual mistake).

Likewise here, the disputed provision of the sale agreement is not susceptible to more than one reasonable interpretation. The estate argues that the sale agreement is ambiguous because the parties did not intend to include in "all personal property" any valuable personal property the existence of which was unknown to them. Nothing within the four corners of the sale agreement, however, contains any such limitation, nor does the estate point to any circumstances in the formation of the sale agreement that make any of its terms ambiguous. The estate did not seek reformation or rescission of the sale agreement. Because "all personal property" unambiguously includes money, the money found in the house is encompassed in the provision of the sale agreement concerning the removal of such property. The effect of that provision is that plaintiff became the owner of the money.

Reversed and remanded with instructions to enter judgment directing City of Milwaukie to release funds to plaintiff Sollars.